Matter of the Consolidated Appeals of R. B. WHEELER and LUCY P. HATHAWAY from the Apportionment of the Assessment for Liberty and Pleasant Streets in Sidney, N. Y.

(County Court, Delaware County, December, 1902.)

**Tax — Front-foot rule of assessment, when rejected — Proper method.**

Where the Legislature has prescribed (L. 1897, ch. 414, § 268), as the method of assessing a village sewer's expense, that it be assessed upon the lands within the area of local assessment in proportion as nearly as may be to the benefit which each parcel or lot will derive therefrom, and has further directed that the ratio of such benefit shall be established, the village sewer commissioners cannot law-

fully adopt the front-foot rule of assessment where that results in assessments which do not comply with the statutory rule.

The commissioners should, in each case, consider the effect of the improvement upon the actual market value of the property and, in that connection, the question whether the property is vacant or improved and, if unimproved, the extent and value of the improvement.

APPEAL by R. B. Wheeler and Lucy P. Hathaway from an apportionment made by the sewer commissioners of the village of Sidney for the expense of constructing sewers on Liberty and Pleasant streets in said village.

The apportionment to pay the expense of constructing such sewers was made under section 268 of article X of chapter 414 of the Laws of 1897, which is as follows: " If the whole or any part of the expense of constructing a sewer is to be assessed upon the lands benefited, the board of sewer commissioners shall prepare and file in the office of the village clerk a map and plan of the proposed area of local assessment. Such expense shall thereupon be apportioned upon the lands within such area in proportion, as nearly as may be, to the benefit which each lot or parcel will derive therefrom, and the ratio of such benefit shall be established."

It is alleged in the affidavit of R. B. Wheeler, submitted upon the argument, " that no map was made of said area of local assessment and filed with the village clerk prior to the construction of the sewer;" this omission, however, is not assigned as a ground of appeal in the notice filed with the clerk.

The cost and expense of constructing the sewer was in part apportioned and assessed upon the property owners according to the " foot frontage rule."

The R. B. Wheeler lot is situated on the corner of Liberty and Pleasant streets and the frontage on both streets was made the basis of the apportionment by the commissioners for the cost of constructing the sewer on such streets, the lot being 66 feet front on Liberty street and 141 feet on Pleasant street.

The Lucy P. Hathaway lot is situated on the corner of Pleasant and Avery streets, and the frontage on Pleasant street was made the basis of the apportionment, the lot being 66 feet front on Avery street and 123 feet on Pleasant street. In 1899 a sewer was constructed in front of the lot on Avery street and connection made with the sewer on that street.

County Court, Delaware County, December, 1902.      [Vol. 39.

The lots on Liberty and Pleasant streets vary in size, many of them are 66 feet front, others are wider, ranging from 94 to 160, the lots also vary greatly in depth and some are very irregular in shape, one lot on Pleasant street is omitted from the apportionment, being the rear of lot No. 28, with no frontage on the street, except a right of way to the street, reserved in the conveyance, to pass and repass to and from the street, no right to sewer to the street being conveyed.

The lots also vary greatly in value, the Isaac Weaver lot adjoining the Wheeler lot, as appears by the affidavit of Wheeler, is assessed by the town assessors at $725, the Wheeler lot is assessed at $650, the H. H. Walton lot (No. 17, on Liberty street), is assessed at $850, the school property, corner of Liberty and Pleasant streets, is valued at $40,000, with a building to accommodate 500 children.

Andrew G. Washbon, for R. B. Wheeler, appellant.

Wm. Thorp, for Lucy P. Hathaway, appellant.

Chas. H. Seeley, for sewer commissioners, respondent.

GRANT, J.  The sewer commissioners apportioned the cost of constructing the sewer on Liberty and Pleasant streets according to the "foot front rule," upon the theory that, in their opinion, the foot front rule was the most equitable and just, and in so doing, they no doubt believed such basis to be fair and equitable; the appellants claim that as the property upon the streets sewered varied greatly in area and value and also as to the benefits derived, the application of the foot front rule is not a compliance with the statute under which the apportionment is made and is not an apportionment according to the benefits derived therefrom.

The statute under which the apportionment is made provides: " Such expense shall thereupon be apportioned upon the lands within such area in proportion as nearly as may be to the benefit which each lot or parcel will derive therefrom, and the ratio of such benefit shall be established."

The Legislature having the power to direct the method to be pursued in apportioning the expense of constructing a sewer and having adopted the benefit rule in the general Village Law respecting the apportionment of the cost of constructing sewers, such method cannot be departed from.

It does not follow that the foot front rule is necessarily errone-
ous; it may be the most just and equitable of any rule that can be
adopted and it may also be according to the benefits derived there-
from. O'Reilley v. City of Kingston, 114 N. Y. 439. On the other
hand it may not be according to the benefits to the property, de-
pending entirely upon the conditions existing in each particular
case.

Where the lots on any street sewered are of uniform size and
value and all similarly improved or unimproved, as the case may
be, the application of the "foot front rule" would undoubtedly
be a compliance with the statute.

Where, however, the property affected varies greatly in area
and value, the application of the foot front rule is not a com-
pliance with the provisions of the statute requiring the cost to be
" in proportion as nearly as may be to the benefit which each lot
or parcel will derive therefrom."

It cannot be seriously contended that the Wheeler lot with a
total frontage on Liberty and Pleasant streets of 207 feet, valued
at $725 by the town assessors and taxed by the commissioners for
benefits at $54.63, is benefited more than the school property
with a frontage on Liberty street of 160 feet, valued at $40,000,
with a daily attendance of about 500 children and taxed by the
commissioners for benefits at $53.95. The school property has an
area of two and one-half times that of the Wheeler lot, as appears
from the map submitted.

What is true of the school property is also true to a certain
extent of the other parcels of property on said streets with a
greater area and value than the Wheeler lot.

" In assessing the expenses of street improvements upon the
property benefited the general rule is to consider the effect of the
improvement upon the market value of the property and to make
the assessment in view of that fact without regard to the present
use or the purpose of the owner in relation to future enjoyment."
Matter of Klock, 30 App. Div. 24; People ex rel. Howlett v.
Mayor, 63 N. Y. 291. "That principle makes it necessary that
the assessors should take into consideration the value of the prop-
erty, and it necessarily follows that they must take into con-
sideration the question whether the property is vacant or
improved, and, if improved, the extent and value of such
improvement." Id.

The case of Klock seems to be more nearly in point than any case to which the attention of the court has been called; the case arose in this district upon an appeal from an apportionment and is a very lucid exposition of the law in cases under this statute.

None of the cases to which the attention of the court has been called, apparently approving the foot front method of apportioning the expense of public improvements, are cases of appeal from an assessment by the commissioners; on the contrary, they are all cases in which the question came up in a collateral proceeding, under special statutes or in actions to remove a cloud upon the title.

All of the cases apparently approving the foot front method of apportioning the expense of public improvements are very carefully and exhaustively reviewed in Matter of Klock, and the discussion of that case by Judge Herrick leads to the irresistible conclusion that the statute under consideration requires the expense of constructing a sewer to be apportioned according to the benefit to be derived therefrom, and that such ratio cannot be established without taking into account the benefits as well as the frontage and the value of the property to be assessed.

The value of the property alone would not be a proper basis for apportioning the cost of public improvements like a sewer; the benefit to the property must also be considered. In the case of the Hathaway lot, the fact that a sewer had previously been constructed on Avery street, and sewer connection made on that street, should be taken into consideration by the commissioners in determining what benefit, if any, the line of sewers on Pleasant street would be to the property.

I am, therefore, of the opinion that the sewer commissioners adopted an erroneous rule in apportioning the expense of the sewer on Liberty and Pleasant streets, and the order of the sewer commissioners should be reversed and three disinterested freeholders of the village should be appointed commissioners to make a new apportionment.

Order of sewer commissioners reversed.