In the Matter of the Consolidated Appeals of E. J. RIVENBURGH and Others from the Apportionment of Assessment in a Proposed Sewer District within the Village of Richmondville, N. Y.

County Court, Schoharie County, December 27, 1941.

*J. Ernest Wharton* and *Jones & Jones*, for E. J. Rivenburgh and others, appellants.

*H. Archie Strobel*, Mayor, and *C. Arthur Bunn* and others, Board of Sewer Commissioners of the Village of Richmondville, N. Y., respondents.

GOLDING, J. This is an appeal by several property owners from an assessment made by the board of sewer commissioners of the village of Richmondville, N. Y., to pay the cost of the construction of a sewer on some of the streets in said village.

The sewer was constructed in pursuance of a petition presented to the board under section 264 of the Village Law.

Section 268 of the Village Law provides for payment of cost of such sewer by assessment, the property benefited to pay the expense of construction.

A hearing was had before the sewer board and an assessment made on a unit basis of $192.52 per unit. Some of the parcels benefited were assessed at one unit, others two or three units.

E. J. Rivenburgh, Mrs. F. Babcock, Mrs. M. Bruce, Laura E. Havens, Hamilton Shafer, Percy H. David, Mrs. John Groat, Carrie A. Oathout, Earl Conover, Elda J. Baldwin, Elvira Sisum, Harry S. Clay, Peter Arboozis, Frank Vodapive, George Wallace and Richard E. Van Ness are property owners and have appealed to this court from the assessments made and levied by said sewer board, alleging that the method of assessment by the sewer board was erroneous, unusual and unequitable and without regard to the benefits derived by property owners. These several appeals were consolidated and heard as one appeal. (Village Law, § 270.)

When lots on any street sewered are uniform in size and value, and are similarly improved, or unimproved, as the case may be, the unit plan might be a compliance with the statute.

The properties affected vary greatly in value and area, and the use of the unit plan should not apply or be used. The unit plan is easy and arbitrary.

Several of the parcels assessed by the town assessors at $400, owned by Chauncey S. Jones and Harry S. Clay, have old buildings thereon and are each assessed one unit, or $192.52. Other parcels assessed from $800 to $4,000 are also assessed at one unit, and property assessed from $1,500 to $4,000 is assessed at two units, or $385.04, and other parcels assessed by the assessors from $3,000 to $10,000 the sewer board assessed at three units, or $577.56.

It cannot be claimed that the parcels of Chauncey S. Jones and Harry S. Clay, assessed by the assessors at $400, with old buildings and no modern improvements, are benefited as much as other

parcels assessed by the town assessors from $800 to $4,000, with modern buildings, conveniences and in excellent condition and good locations, which are also assessed one unit.

The same conditions exist as to improvements, conveniences and locations for parcels assessed from $1,500 to $4,000 at two units, and from $3,000 to $10,000 at three units.

In assessing the expenses of street improvements upon the property benefited the general rule is to consider the effect upon the market value of the property, of the improvement and to make the assessment in view of that fact, without regard to present use of the property of the owner in relation to street improvement. (*Matter of Klock*, 30 App. Div. 24; *People ex rel. Howlett* v. *Mayor*, 63 N. Y. 291.)

That principle makes it necessary that the assessors (here the sewer board) should take into consideration the value of the property, and it necessarily follows that they must take into consideration the question whether the property is vacant or improved, and, if improved, the extent and the value of such improvement. (*Matter of Wheeler*, 39 Misc. 484.)

The statute under which the assessment was made (Village Law, § 268) provides: "Such expense shall thereupon be apportioned upon the lands within such area in proportion as nearly as may be to the benefit which each lot or parcel will derive therefrom, and the ratio of such benefit shall be established."

Some of the property assessed consists of hotels, business blocks used for that purpose, and other lots are occupied by dwelling houses of different areas and frontage with the plan of assessment on most of them the same. The improvements upon the property and the value do not seem to have been considered.

I find the assessment made and levied by the sewer board of the village of Richmondville was not apportioned as nearly as may be to the benefit which each lot or parcel will derive therefrom, and the unit plan adopted is not the proper mode of assessment.

I have not considered the property of each appellant separately, as I hold the board of sewer commissioners adopted an erroneous rule in apportioning the expenses, and such order and the assessment thereunder should be reversed on the ground that the original assessment was erroneous, unequal and inequitable and that three disinterested freeholders of the village should be appointed to make a new apportionment or assessment, and I hereby appoint as such commissioners Hayward C. Makely, Philip H. Keyser and LeRoy Dibble, all residing and being freeholders within said village of Richmondville, N. Y.

Submit order accordingly.